**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LISHAN WANG | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:17-CV-586-AVC |
| | : | |
| v. | : | |
| | : | |
| MIRIAM DELPHIN-RITTMON | : | |
| *Defendants.* | : | APRIL 20, 2018 |

## THE DEFENDANTS' ANSWER TO THE PLAINTIFF'S COMPLAINT

The Defendants, Miriam Delphin-Rittmon, Helene Vartelas, Thomas Ward-McKinley, and Victoria Dreisbach, hereby answer the Plaintiff's Complaint denying any allegations not expressly admitted below, as follows:

1. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and leave the Plaintiff to his proof.

2. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and leave the Plaintiff to his proof.

3. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and leave the Plaintiff to his proof.

4. The Defendants admit that the Whiting Forensic Institute is a healthcare facility. As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

5. The Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph and leave the Plaintiff to his proof.

6. The Defendants deny subjecting the Plaintiff to psychological warfare and mental torture, including instilling and forcing him into "'Learned helplessness'". The Defendants also deny that Whiting used abusive State employees as "'hounds'" to provoke, abuse, and bully the Plaintiff.   As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

7. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and leave the Plaintiff to his proof.

8. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

9. The Defendants admit that the Plaintiff seeks to invoke the Court's jurisdiction under the provisions of Sections 1331 of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code but deny that the facts of the case support the exercise of such jurisdiction.

10. Defendant Victoria Dreisbach denies using unnecessary medicine to drug and sedate patients including the Plaintiff, that she is guilty of medical malpractice at CVH, and that she "is 21st Century Version of Nazi Doctor "'Joseph Mengel'".   As to the remainder of the paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

11. The Defendants admit that the Plaintiff was a detainee involuntarily sent to the Whiting Forensic Institute in Middletown, Connecticut, from September 2010 to February 2011 and again from April 6th, 2015 for evaluation of his competence to stand trial and that he was considered a patient at the facility during those periods. As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

12. The Defendants admit that Miriam Delphin-Rittmon is the Commissioner of the State of Connecticut Department of Mental Health & Addiction Services (DMHAS), and that she is legally responsible for the overall operation of the DMHAS and the Whiting Forensic Institute (Whiting) at the Connecticut Valley Hospital (CVH). The Defendants deny that Delphin-Rittmon, the DMHAS, or the CVH has a "mission to inculcate 'learned helplessness', 'irresponsibility', 'immorality', and 'arbitrariness' into a patient's mind."

13. The Defendants admit that Helene Vartelas is the Chief Executive Officer of Connecticut Valley Hospital. The Defendants deny that Ms. Vartelas, CVH or Whiting Forensic Institute has a "mission to inculcate 'learned helplessness', 'irresponsibility', 'immorality', and 'arbitrariness' into a patient's mind."

14. The Defendants admit that, though retired, Thomas Ward-Mckinlay was the acting Director of Whiting and that he was legally responsible for Whiting's overall operation. The Defendants deny that McKinlay or Whiting has a "mission to inculcate 'learned helplessness', 'irresponsibility', 'immorality', and 'arbitrariness', into a patient's mind." As for the rest of the paragraph, the Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

15. The Defendants admit that Frank Valdez is the Director of Unit Two of Whiting, that he is legally responsible for the overall operation of the Unit, and that he was a member of Mr. Wang's treatment team. The Defendants deny that Mr. Valdez or Unit Two has a "mission of inculcating 'learned helplessness', 'Irresponsibility', 'immorality', and 'arbitrariness' into a patient's mind."  As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

16. The Defendants admit that Dr. Victoria Dreisbach is a psychiatrist at Whiting. The Defendants deny that Dr. Dreisbach has a "mission to inculcate 'learned helplessness', 'Irresponsibility', 'immorality', and 'arbitrariness' into a patient's mind by mental torture and psychological warfare." As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

17. The Defendants admit that the Plaintiff has sued them in their individual and official capacities.  As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

18. The Defendants admit that the Plaintiff was committed to Whiting from September 2010 to February 2011, for the assessment of his competency to stand trial for serious charges pending against him at the New Haven Superior Court.  As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to

form a belief about the truth of the allegations and leave the Plaintiff to his proof.

19. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

20. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

21. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

22. The Defendants deny that the Plaintiff was at all times competent to stand trial and that he did not have any sign or symptom justifying the use of psychotropic medicine.

23. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

24. The Defendants admit that Dr. Mark Cotterell recommended the use of two psychotropic medicines, Olanzapine (Zyprexa) and Zipprasidon (Geodon), to treat the Plaintiff's mental illness and restore his competency to stand trial and that the trial court in his criminal case only authorize the use of those two medicines for those purposes. As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

25. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

26. The Defendants admit that the Plaintiff was subdued and placed in 4-point restraints on February 22, 2017, after refusing to take his court ordered medication

orally and becoming physically aggressive towards staff.

27. The Defendants admit that the Plaintiff was in restraints for about ten hours on February 22, 2017, but deny that there was no sign or symptom which could raise a concern about the risk of his posing harm to himself or others.

28. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

29. The Defendants admit that Dr. Victoria Dreisbach prescribed Benadryl for the Plaintiff as an emergency medication on February 22, 2017, without court approval or his requesting such prescription.   The Defendants deny that the subsequent administration of Benadryl to the Plaintiff was illegal and that he had no sign or symptom justifying the use of Benadryl.   As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proof.

30. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

31. The Defendants deny the allegations in this paragraph.

32. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

33. The Defendants admit that "[t]here is no court order for Dr. Victoria Dreisbach to give Mr. Wang a shot of Benadryl" but deny the rest of the paragraph.

34. The Defendants deny this paragraph.

35. The Defendants deny that the fact that physicians or psychiatrists at CVH may not have to be board certified or have to disclose the disciplinary actions taken against

them, or that they can practice after-hours in their private practices, or that they may earn a quarter million dollars a year indicates an issue of physicians' competence and ethics at CVH. As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

36. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

37. The Defendants deny that Dr. Victoria Dreisbach was guilty of malpractice, that her actions prove that there is a problem of patient safety at Whiting, and that the only plausible reason for her to prescribe Benadryl for the Plaintiff was to cause harm. As for the rest of this paragraph, the Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

38. The Defendants admit that the restraints placed on the Plaintiff at about 2:45 P.M. on February 22, 2017, were removed at about 12:48 A.M. on February 23, 2017, and that about two hours later, at about 2:45 A.M., he asked to use the restroom. The Defendants however deny that his gait was unsteady or imbalanced as he walked to the restroom.

39. The Defendants admit that the Plaintiff fell forward while using the urinal, suffering a small nose fracture and a laceration to the bridge of his nose.  As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

40. The Defendants admit that Whiting sent the Plaintiff to Middlesex Hospital for

further evaluation and treatment, that he had received stitches for the wound on his nose, and that CT Scan showed that he has nasal bone fracture.   As to the remainder of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

41. The Defendants deny the allegations of this paragraph.

42. The Defendants deny that physicians and other healthcare workers at Whiting are deliberately indifferent to their patients' needs, that they have repeatedly committed criminal negligence with malicious intent to cause harm to their patients, that Dr. Dreisbach and other doctors at Whiting are modern day Nazi doctor "Joseph Mengel", and that they mistreat patients on a routine basis. As to the remainder of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

43. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

44. The Defendants deny that Dr. Victoria Dreisbach used medicine to harm the Plaintiff.

45. The Defendants admit that Miriam Delphin-Rittmon is the Commissioner of the State of Connecticut Department of Mental Health & Addiction Services.   The Defendants deny that Delphin-Rittmon, the DMHAS and Whiting have as a "mission the inculcation of 'learned helplessness' into patients' minds". Defendant Delphin-Rittmon admits that the Plaintiff sent a complaint about the incidents alleged in this complaint to her office but denies personally knowing of the

       complaint and knowing its allegations. As for the rest of the paragraph, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

46. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

47. The Defendants admit that Helene Vartelas is the Chief Executive Officer of CVH and that, as such, she is responsible for its overall operation.  As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

48. The Defendants admit that Thomas Ward-Mckinlay was the Director of Whiting and that, as such, he was responsible for its overall operation.  As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

49. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

50. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

51. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

52. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

53. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

54. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

55. The Defendants deny that the Plaintiff was treated differently while at Whiting, abused and bullied by state employees, or punished for something he did not do. As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

56. The Defendants deny that they used Benadryl to compromise the Plaintiff and to cause him to pass out. As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and leave the Plaintiff to his proof.

57. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leave the Plaintiff to his proof.

58. The defendants deny that Dr. Dreisbach used Benadryl on the Plaintiff without court approval and without his consent and that the administration of Benadryl to him was not justified, and that the healthcare workers at Whiting had not educated him about the serious side effects of Benadryl. As for the rest of the paragraph, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proof.

59. The Defendants deny that the Plaintiff was not violent. As for the rest of the paragraph, the Defendants lack knowledge or information to form a belief as to the truth of the allegations and leave the Plaintiff to his proof.

60. The Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph and leave the Plaintiff to his proof.

## **AFFIRMATIVE DEFENSES**

**FIRST DEFENSE:**

The Court lacks subject matter jurisdiction over the Plaintiff's remaining claim that the Defendants' violated his due process right to refuse medical treatment, decisions of the United States Supreme court having foreclosed that claim in the circumstances of this case.

**SECOND DEFENSE:**

The Defendants are qualifiedly immune from this suit.

**THIRD DEFENSE:**

Defendants Miriam Delphin-Rittmon, Helene Vartelas, and Thomas Ward-McKinlay were not personally involved in the alleged violation of the Plaintiff's right and, thus, are not liable to him under 42 USC § 1983.

**FOURTH DEFENSE:**

The Plaintiff's complaint does not state a claim for which the Court may grant relief.

**FIFTH DEFENSE:**

The Due Process Clause permitted Whiting, a maximum security psychiatric hospital, to treat the Plaintiff with Benadryl because (1) he was physically aggressive toward staff and dangerous to himself and others, (2) such treatment was medically necessary to minimize that danger and was in his medical interest, and (3) Dr. Dreisbach prescribed the medication based on her professional judgment as to his needs and the needs of the staff and other residents at Whiting.

**SIXTH DEFENSE:**

Hospital personnel sought to educate the Plaintiff about the effects of the medications administered to him but he was too agitated to listen.

**SEVENTH DEFENSE:**

The State's interest in providing a safe and secure psychiatric hospital environment outweighed the Plaintiff's liberty interests in refusing unwanted medical treatment.

          DEFENDANTS
          Miriam Delphin-Rittmon
          Helen Vartelas
          Thomas Ward-Mckinely
          Victoria Dreisbach
          In their official and individual capacities

          GEORGE JEPSEN
          ATTORNEY GENERAL


BY: /s/ Patrick Kwanashie
          Patrick Kwanashie
          Assistant Attorney General
          Federal Bar No. ct09206
          55 Elm Street. P.O. Box 120
          Hartford, CT   06141-0120
          Tel:   (860) 808-5210
          Fax:   (860) 808-5385
          Patrick.Kwanashie@ct.gov

## **CERTIFICATION**

I hereby certify that on April 20, 2018, a copy of the foregoing Memorandum in Support of Motion to Dismiss was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. Additionally, this Motion was sent via first class mail postage prepaid to:

Mr. Lishan Wang, #375805
Garner Correctional Institute
50 Nunnawauk Road
Newtown, CT 06470

                                                                      /s/ Patrick Kwanashie
                                                   Patrick Kwanashie
                                                   Assistant Attorney General