UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lishan Wang,<br><br>                  Plaintiff,<br><br>v.<br><br>Miriam Delphin-Rittmon, *et al*,<br><br>                  Defendants. | Civil No. 3:17-CV-00586 (JAM)<br><br><br><br>November 8, 2023 |

## **RULING ON PENDING MOTIONS**

Pending before the Court are Defendants' Motion for Reconsideration (ECF No. 270), Defendants' Objection to Plaintiff's Motion to Compel (ECF No. 268), and Plaintiff's Motion for Reconsideration (ECF No. 267). Before addressing each of the related and pending matters, the context of how this case has evolved merits some attention.

This case was filed in April of 2017; over six years later, the parties are still arguing over discovery. Specifically, Plaintiff still complains of Defendants' inadequate compliance with discovery. A review of the docket indicates that Plaintiff first served discovery on Defendants in October 2018. ECF No. 57, at 1. On October 21, 2021, Judge Covello entered a ruling on Plaintiff's Amended Complaint permitting claims against newly-added Defendants Kurlyandchik, Dreisbach, Mejias, Madison, Hall and Delciampo to proceed. ECF No. 140. While the scope of the claims and the parties in the case has evolved, there has been a consistent claim by Plaintiff that Defendants' discovery has been deficient. As early as January 7, 2019, Plaintiff filed his first motion to compel, indicating among other things, that Defendants' responses were deficient in that Defendants "failed to give plaintiff a list of names of the staff, nurses, and doctors participated or involved in

1

carrying out forced medication." ECF No. 57, at 2. This is the same claim that Plaintiff made in his most recent Motion to Compel four years later.

On January 18, 2022, Plaintiff filed a Motion to Compel seeking the following discovery: (1) Responses to Interrogatories dated November 16, 2021 from Defendants Kurlyandchik, Delciampo, Mejias, Hall, and Madison, ECF No. 150, at ¶¶1-4; and (2) responses to a November 18, 2021, request for "a list of names of ALL employees who had participated in carrying out the forced medication on Mr. Wang on 2/22/17 and 2/23/17 and/or worked at Unit 2 of Whiting on those two days where the said forced medication was carried out on Mr. Wang" *Id.,* at ¶5. Plaintiff represented that Defendants' counsel failed to respond to either request. *Id.*

On January 18, 2022, Plaintiff filed a Motion to Compel seeking the current contact information for the Defendants Delciampo, Mejias, and Hall to effectuate service. ECF No. 151. He noted that he requested the information on November 15, 2021, without a response, and filed a motion on December 22, 2021, with no response from Defendants' counsel. *Id.*, at ¶4; *see* ECF No. 146.

On April 6, 2022, Plaintiff moved to compel discovery responses from the Defendants Kurlyandchik, Delciampo, Mejias, Hall, and Madison provided in November 2021. ECF No. 167, at 3 (attaching Nov. 16, 2021 letter to Att. Lenehan enclosing Interrogatories and Requests for Production). Defendants did not file a timely response to this motion or provide responses to the outstanding discovery.

Instead of filing a timely objection to Plaintiff's motion, on May 6, 2022, *after* the time to respond to Plaintiff's motion expired, they filed a Motion to Stay Discovery. *See* ECF No. 172. On May 23, 2022, Judge Covello, the then-presiding District Judge,

indicated he would rule on Plaintiff's pending motion, ECF No. 167, and consider two earlier motions to compel, ECF No. 150 (dated 1/18/2022), 151 (dated 1/18/2022). ECF No. 175.[1] Defendants did not file a response to the motion during the pendency of the Motion to Stay.

A stay of discovery entered on January 3, 2023 (ECF No. 192) and was lifted on March 27, 2023. ECF No. 205. Magistrate Judge Robert M. Spector held a scheduling conference on April 4, 2023. At that time, Defendants' counsel sought a stay of discovery while the parties engaged in settlement discussions. Judge Spector denied the oral request for stay and entered a scheduling order whereby discovery was set to be completed by September 1, 2023. ECF No. 209. Between the lift of stay on March 27, 2023 and the filing of Plaintiff's Motion to Compel on July 14, 2023, Defendants did not respond to the outstanding interrogatories and requests for production. On July 14, 2023, Plaintiff filed a "Motion to Compel Defendants to Answer Plaintiff's Discovery Requests Stated in Document 167 and to Provide Plaintiff with a Complete Copy of His Medical Record.[2]

---

[1] On October 3, 2022, the case was transferred to District Judge Jeffrey A. Meyer. ECF No. 189. A stay of discovery was granted on January 3, 2023, before the Court ruled on the pending Motion to Compel. ECF No. 192. Plaintiff's Motion to Compel was denied as moot without prejudice in light of the stay. ECF No. 193.

[2] Plaintiff sought an order compelling Defendants to: (1) answer the interrogatories and requests for production detailed in the Motion for the Court to Order Defendants Kurlyandchik, Madison, Delciampo, Mejias, and Hall to Answer Plaintiff's Discovery Requests ("Motion for the Court to Order") ECF No. 167 (dated April 6, 2022) and his letters to AAG Lenehan dated November 2021, including but not limited to a list of names of Whiting and CVH employees who worked at Unit 2, at Whiting Forensic Institute on February 22 and 23, 2017, and any Whiting or CVH employee who participated in carrying out "forced medication" of Plaintiff, ECF No. 231, ¶1; (2) provide responses to interrogatories and requests for production from the newly-added Defendants Kurlyandchik, Delciampo, Mejias, Hall and Madison, as set forth in the Motion for the Court to Order, *Id.*, ¶2; (3) provide Initial Disclosure discovery, pursuant to Fed. R. Civ. P. 26(a)(1)(A), *id.*, ¶4; and (4) produce a "complete unaltered copy of his medical records generated by Whiting Forensic Institute (from 09/2010 to March 1, 2011, and from April 1, 2015 to October

ECF No. 231. The motion was referred to the undersigned on July 26, 2023. ECF No. 235. Defendants failed to file a timely objection to the motion, which was due by August 4, 2023.

A discovery conference was held on August 14, 2023, to hear the parties regarding outstanding discovery. ECF No. 240. Plaintiff and Defendants' counsel appeared and had an opportunity to be heard. An order entered on August 15, 2023, granting in part and denying in part, Plaintiff's Motion to Compel. ECF No. 242. Defendants were ordered to file responses by September 1, 2023, the close of discovery.

On September 7, 2023, Plaintiff filed a Motion for Court to Address Defendants' Evasiveness and Dishonesty in their Answers to Plaintiff's Interrogatories and Other Discovery Requests. ECF No. 247. On September 18, 2023, the Court denied the motion without prejudice pursuant to D. Conn. L. Civ. R. 37 and ordered the parties to engage in a meet and confer in a good faith effort to resolve the dispute by agreement.[3] ECF No. 251. On September 26, 2023, Plaintiff filed a Motion for Court to Use Initial Discovery Disclosure to Compel the State of Connecticut to Provide Plaintiff with His Medical Records and Names of Witnesses. ECF No. 253. Appended to the motion as Exhibit A was a letter dated September 21, 2023, from Plaintiff to Defendants' counsel seeking a resolution of the "problems with your clients 'noncompliance and evasiveness.'" *Id.*, at Ex.

---

1, 2017) CVH, and especially by Middlesex Hospital in February 2017. (Whiting should have obtained a copy of Mr. Wang's medical records from Middlesex Hospital in 2017 because Mr. Wang had given Whiting his consent to obtain his medical records from Middlesex Hospital. If Connecticut State Attorney General needs Mr. Wang's consent again, he will be readily giving his consent to the Attorney General Office.)". *Id.,* ¶7. Defendants did not file an opposition to this motion.

[3] Plaintiff renewed his requests for the information covered in his earlier discovery motions and November 2021 letter. *See* ECF Nos. 167, 231, 247, 253.

4

A. On October 3, 2023, the Court ordered Defendants to provide hard copies of the Motion for Summary Judgment along with the sealed exhibits to Plaintiff in advance of the October 10, 2023, discovery conference.[4]  ECF No. 260.  Because Plaintiff is a state prisoner appearing *pro se,* Counsel for the Defendants was ordered to initiate a telephonic meet and confer.  *Id.*

A discovery conference was held on October 10, 2023, during which both parties had an opportunity to be heard.  ECF No. 264.  Counsel for Defendants did not indicate at the close of the conference an intention to file a brief in opposition to the motion.

On October 16, 2023, six days after the conference, the Court ruled on the issues raised in Plaintiff's Motion to Compel and during the conference.  ECF No. 253.  Defendants were also directed to consult with Whiting and report back to the Court by October 17, 2023, on what they can do to comply with Plaintiff's request for the names of all employees working on Unit 2 on February 22 and 23, 2017, and a time frame to complete the process.  ECF No. 266.  Defendants filed Status Reports on October 17 and 27, 2023.  ECF Nos. 269, 274, 275, ¶1.

## A. Defendants' Motion for Reconsideration of the October 16, 2023 Order and Objection

Defendant's Motion for Reconsideration is denied in that it does not comply with D. Conn. L. Civ. R. 7(c)(1).  Under this rule, motions for reconsideration "*shall* be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked."  D. Conn. L. Civ. R. 7(c)(1) (emphasis added).

---

[4]     On October 27, 2023, Defendants filed a notice on the docket that they complied with Judge Meyer's order (ECF No. 277), to provide copies of the motion for summary judgment with supporting documents.  ECF No. 274.

Although, the motion references an accompanying memorandum of law, none was filed. Failure to comply with Local Rule 7(c)(1), is a sufficient basis for denying the motion. *See* ECF Doc. 136, at 3-4 (denying Plaintiff's Motion to Compel for failure to attach memorandum in support as required by D. Conn. L. Civ. R. 37(b)(1)).

To be sure, had the reconsideration motion been properly before the Court and the Court were to decide the issue on the merits, the result would be no different. Defendants appear to advance the following arguments seeking reconsideration and modification of the Court's October 16, 2023, ruling and order and in their Objection.

In support of reconsideration of the Court's October 6, 2023, ruling and order they argue that: (1) "the ruling was made prior to the deadline for Defendants' response to the Motion to Compel had passed; (2) the Motion to Compel failed to comply with Local Rule 7 and Federal Rule of Civil Procedure 37 and, therefore, should have been denied; (3) the Court ruled on claims not presented in the Motion to Compel, thereby, denying the Defendants the opportunity to file a written objection to those claims; (4) the order regarding Interrogatories 1(a), 3(a) and 3(b) and Requests for Production 1 and 2 are unduly burdensome and will likely not lead to admissible evidence." ECF No. 270, at 1-2. Defendants' arguments have no merit.

Defendants' objection to Plaintiff's motion to compel raises the following arguments, some which overlap with the arguments in favor of reconsideration: (1) Defendants were denied the right to file an objection to the Motion to Compel before the Court ruled, ECF No. 268, at 5-6; (2) the Motion to Compel failed to comply with Local Rule 7 and FRCP 37, *id.,* at 6-7; (3) the Court impermissibly allowed Plaintiff to raise issues at the teleconference outside the Motion to Compel, *id.,* at 7-8; (4) the Court's ruling

6

requiring citations to exact pages of the medical records is overly burdensome given that the Plaintiff has the records, *id.,* at 8-11; and (5) the scope of the Court's order should be limited to medical records from February 22 and 23, 2023. *Id.*, at 12.

### 1. *Ruling Prior to Deadline to Oppose the Motion*

Defendants first argue that it was improper for the Court to rule on Plaintiff's motion prior to the October 17, 2023, deadline to file their opposition. The Court disagrees. Generally, the Court does not rule on a motion unless the parties are allowed time to respond in writing. *See Hendricks v Graham*, No. 9:06-cv-01152-JKS, 2009 WL 1406984, at *n. 14 (N.D.N.Y. May 19, 2009) (finding delaying a decision would not be in the interest of justice as the current petition simply reargues claims previously found to be without merit). However, our local rules permit the Court to "rule on a motion before expiration of the period ordinarily permitted for filing opposition papers." D. Conn. L. Civ. R. 7(a)4.

A review of the relevant motions demonstrates that Defendants have been on notice regarding Plaintiff's outstanding discovery since November 2021. As detailed above, Plaintiff has engaged in significant motion practice to compel responses from Defendants to outstanding discovery.[5] The parties were provided ample time to meet and confer to address the scope of the requests and/or deficiencies of the responses. Oral argument on these issues was held on August 15, 2023, for one hour and ten minutes, (ECF No. 240) and October 10, 2023, for one hour and forty minutes. ECF No. 264. What's more, Defendants failed to respond to the initial interrogatories and requests for production and failed to file responses to Plaintiff's various Motions to Compel, ECF Nos. 146, 150, 151,

---

[5] Assistant Attorney General Mary Lenehan filed an appearance on September 20, 2019. ECF No. 99.

167, 231. On this record, there was no basis to delay issuing a ruling when Defendants gave no indication that they wanted to file a brief following argument. *See In re Bayer Corp. Combination Aspirin Prod. Mktg. & Sales Pracs. Litig.,* No. 09-MD-2023 BMC, 2012 WL 4747441, at *1 (E.D.N.Y. Oct. 4, 2012) ("The Court can properly exercise its discretion and choose to hear the parties' respective positions during oral argument rather than by a . . . filing."). Accordingly, the Court finds no prejudice to Defendants.

### 2. Failure to Comply with D. Conn. L. Civ. R. 37 and Fed. R. Civ. P. 37

Defendants are correct that Plaintiff, as a *pro se* prisoner, is not exempt from the meet and confer requirements set forth in D. Conn. L. Civ. R. 37 and Fed. R. Civ. P. 37. *See Avent v. Solfaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002) ("The 'meet and confer' requirement embodies a policy of encouraging voluntary resolution of pretrial disputes, in the interest of judicial and client economy and effective processing of cases.") (citation and internal quotation marks omitted.). Indeed, on September 18, 2023, this Court denied his Motion to Compel (ECF No. 247) and directed him to comply with Rule 37. ECF No. 251. "However, courts have discretion in determining a moving party's compliance with Rule 37(a)(1) and generally accord some leeway to *pro se* prisoner litigants in § 1983 cases." *Woodward v. Holtzman*, No. 16-CV-1023A(F), 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018) (citing *Elhannon LLC v. F.A. Bartlett Tree Expert Company*, 2017 WL 1382024, at *9 (D. Vt. Apr. 18, 2017 ("district courts maintain discretion to waive the meet-and-confer required [of Rule 37(a)(1) ]") (citing cases)).

On September 26, 2023, Plaintiff filed a Motion to Compel and attached a letter he sent to Defendants' counsel specifically referencing the Court's order to meet and confer and stating that he was writing for that very purpose. ECF No. 253, at 10-11. In his letter,

he stated that he was seeking the Court's intervention to compel Defendants to provide (1) complete responses to interrogatories and requests for production; (2) detailed answers to each question without referring Plaintiff to his medical records or defendants' previous written notes to find out the answer to the question"; and (3) copies of Defendants' resumes/CVs. *Id.* He further requested that AAG Lenehan contact him by telephone to discuss these and other issues with Defendants' discovery responses. *Id.* Attorney Lenehan did not respond to Plaintiff's request to meet and confer.

On October 2, 2023, the Court scheduled a telephonic discovery conference to be held on October 10, 2023. ECF No. 255. The Court further entered an Order, among other things, encouraging the parties "to meet and confer by telephone prior to the conference to determine what, if any, medical records are outstanding." ECF No. 260. Plaintiff has satisfactorily demonstrated a reasonable effort to meet and confer with Defense counsel before renewing his motion on September 26, 2023. The Court declines to dismiss Plaintiff's Motion to Compel for failure to comply with D. Conn. L. Civ. R. 37 and Fed. R. Civ. P. 37.

### 3. *Claims not presented in the Motion to Compel*

Defendants argue that the "Court should not have ruled on issues outside of those raised in the Motion to Compel." ECF No. 268, at 7-8. They contend that "Plaintiff's requests for records from Middlesex Hospital, the completeness of the Defendants' answers to certain interrogatories and Plaintiff's requests for resumes[6], were not raised in the Motion to Compel" and thus, were not properly before the Court. *Id.,* at 7. As set forth

---

[6] At oral argument on October 10, 2023, Defendants confirmed that resumes for Dr. Kurlyandchik and Dr. Dreisbach were provided to Plaintiff.

9

above, Defendants were on notice of the issues raised in the September 7, 2023, Motion to Compel, (ECF No. 247), September 21, 2023, Letter to Attorney Lenehan requesting a meet and confer (ECF No. 253, at 10-11), and the September 26, 2023, Motion to Compel. ECF No. 253.  In addition, Defendants were aware of the issues raised in prior motions that were the subject of the Court's order dated August 15, 2023, that Plaintiff continued to assert, in part, were not properly responded to.  Accordingly, this objection is overruled.

### 4. Interrogatories 1(a), 3(a) and 3(b) and Requests for Production 1 and 2[7]:

Defendants argue that these interrogatories and requests for production are "unduly burdensome and will likely not lead to admissible evidence."  ECF No. 270, at 2. Defendants raised this argument on October 10, 2023, but made no showing of burden.  A party resisting discovery has the burden of showing "'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive, . . . submitting affidavits or offering evidence revealing the nature of the burden.'"  *Vidal v. Metro-N. Commuter R. Co.,* No. 3:12CV248 (MPS), 2013 WL 1310504, at *1 (D. Conn. Mar. 28, 2013).  "Further, for a burdensomeness objection to be sustained, a motion to compel on this ground must be opposed by an affidavit of a person with knowledge of the record keeping system with the requested party explaining in reasonable detail the factual basis for such an objection."

---

[7]   On October 10, 2023, this Court granted over objection Requests for Production 1 and 2 stating: "Defendants will specify what documents they relied on, with citation to the document and page number, in response to these requests."  ECF No. 266 ¶5.  The Court also granted over objection, Interrogatories 1(b) and 3(a) and (b), stating, "Defendants will specify what document they relied on, with citation to the document and page number, in response to Interrogatory 1(b) and 3(a) and (b), where Defendant answered, in substance, that they had no independent recollection other than what is recorded in the medical records already provided to Mr. Wang." *Id.,* at ¶7.

10

*Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003); *see also Gross v. Lunduski*, 304 F.R.D. 136, 151 (W.D.N.Y. 2014) (same); *Huminski v. Stop & Shop Supermarket Co.*, No. 16-cv-1136 (RNC) (DFM), 2017 WL 2779468, at *1-2 (D. Conn. Jun. 27, 2017) (collecting cases). Defendants offered no evidence or affidavits to support their burden argument at oral argument, in their objection or their motion for reconsideration.

### 5. *Request to Limit the Scope of the Court's Order to Medical Records from February 22 and 23, 2023*.

Defendants argue that the Court order requiring them to "review medical records other than those from February 22 and 23, 2023, is not likely to lead to the discovery of admissible evidence and, therefore, should be revised. ECF No. 268, at 12. The Court disagrees.

Plaintiff explained that he was seeking information regarding his two admissions to Whiting, his diagnosis, and behavior contained in his medical records. In particular, records that may confirm that he was not a violent or physically aggressive patient. In support of Defendants' Motion for Summary Judgment, Drs. Dreisbach and Kurlyandchik submitted affidavits regarding two prior admissions to Whiting, Plaintiff's diagnosis and a description of his behavior, including threats, physical aggression including resisting, that justified the order for restraints and supported the decision to administer Benadryl, with reference to Plaintiff's medical records. ECF No. 259, Ex. 98 at 168-174 (Dreisbach); *Id.*, Exhibit 9 at 176-182 (Kurlyandchik). At oral argument, the Court found that Plaintiff has a right to know what exhibits these doctors or other medical providers will point to or rely on when they testify at trial. In other words, if a Defendant is using the medical record to answer an interrogatory or to support an allegation contained in an affidavit, or response to

11

an interrogatory/request for production, he or she should specify the page and entry in the medical record that supports their response. If there are other incidents *prior* to February 22, and 23, 2017, demonstrating this behavior, Plaintiff is entitled to know what Defendants are claiming by a specific reference to the particular record in the medical records.

Counsel was reminded during oral argument that Defendants did not object to the interrogatories or raise an objection that the request was overly broad and counsel acknowledged that she did raise a timely objection. Counsel was also reminded that Defendants could not use the medical records as both a sword a shield. For instance, Interrogatory No. 3.A, directed at Defendant Dr. Kurlyandchik asks "Had Mr. Wang ever been rude, threatening, disrespectful to you?". Dr. Kurlyandchik responds, "Yes. My notes on February 22, 2017 are a contemporaneous record of Mr. Wang's behaviors. There may have been other instances noted in the medical record, but I have no specific recollection of dates or specific statements." Given Defendant's position that there may be evidence in the medical record that supports the assertion that Mr. Wang was rude, threatening, disrespectful either on February 22, 2017 or otherwise, they have the obligation to review the records and disclose in advance of trial. This is particularly the case where Dr. Kurlyandchik in an affidavit submitted in support of summary judgment (ECF No. 259), confirms that she has reviewed the medical records of Mr. Wang while he was a patient at Whiting between April 2015 and September 2017 (ECF No. 259, paragraph 7) and she provides background information regarding Mr. Wang's treatment leading to the events in question here.

Finally, as the Court noted at oral argument Defendants' affirmative defense that Mr. Wang was physically aggressive to staff and dangerous to others necessitating the

forcible administration of Benadryl opens the door to this requested information.[8] *See e.g.* Answer ECF No. 23, ¶ 22 ("The Defendants deny that the Plaintiff was at all times competent to stand trial and that he did not have any sign or symptom justifying the use of psychotropic medicine."); ECF No. 23, ¶ 26 ("The Defendants admit that the Plaintiff was subdued and placed in 4-point restraints on February 22, 2017, after refusing to take his court ordered medication orally and becoming physically aggressive."); ECF No. 23, ¶ 27 ("The Defendants admit that the Plaintiff was in restraints for about ten hours on February 22, 2017, but deny that there was no sign or symptom which could raise a concern about the risk of his posing harm to himself or others."); ECF No. 23, ¶ 29 ("The Defendants deny that the subsequent administration of Benadryl to the Plaintiff was illegal and that he had no sign or symptom justifying the use of Benadryl."); ECF No. 23, (Fifth Affirmative Defense) ("The Due Process Clause permitted Whiting, a maximum security psychiatric hospital, to treat the Plaintiff with Benadryl because (1) he was physically aggressive toward staff and dangerous to himself and others, (2) such treatment was medically necessary to minimize that danger and was in his medical interest, and (3) Dr. Dreisbach prescribed the medication based on her professional judgment as to his needs and the needs of the staff and other residents at Whiting."); Aff. Def. Dr. Dreisbach, ECF No. 269, Ex. 8, ¶ 8 (stating she reviewed Plaintiff's medical records at Whiting from April 2015 through September 2017); *id.*, ¶ 18 (stating that the attending physician, Defendant Dr. Kurlyandchik "conclud[ed] from Mr. Wang's physical aggression that he posed an imminent risk of serious physical assault" and "order[ed] his physical restraint); *id.,* ¶ 19

---

[8] The Court notes that Defendants have not filed an Answer to the Amended Complaint. Judge Meyer ruled on the Motion to Dismiss on March 24, 2023. ECF No. 204.

(stating that Dr. Kurlyandchik "assessed his condition and consulted with the nursing staff to determine . . his risk of harm to himself or others if released" from 4-point restraints); *id.,*¶20 (stating that based on consultation with Defendants, Nurse Mejias and Dr. Kurlyandchik, she "concluded that he continued to pose imminent risk of serious physical assault if not restrained."); *see also id.,* ¶¶31, 32, 34; Aff. Def. Dr. Kurlyandchik, ECF No. 269, Ex. 9, ¶¶7, 8 (stating she reviewed Dr. Dreisbach's Affidavit and Plaintiff's medical records at Whiting from April 2015 through September 2017); *id.,* ¶¶19-21 (stating Plaintiff was angry, yelling, physically aggressive, and posed an imminent risk of serious physical assault and ordering his physical restraint); *see also id.,* ¶¶25-27.

Responses are limited to entries in the medical records made by Defendants *prior* to February 22 and 23, 2017.  Accordingly, Defendants' objection is overruled.

**B.      Plaintiff's Motion for Reconsideration ECF No. 267**

Plaintiff seeks reconsideration of the October 16, 2023, Ruling and Order [266] granting in part and denying in part his [253] Motion to Compel.  "The standard for granting a motion for reconsideration is strict."  *Roman v. Leibert*, No. 3:16-cv-1988 (JCH), 2017 WL 4286302, at *1 (D. Conn. Sept. 27, 2017); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. R. Civ. P. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions.").  "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. Appx 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dept Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").  The Court is

thoroughly familiar with the discovery disputes raised by Plaintiff in his various Motions to Compel, has held several discovery conferences, and issued multiple rulings. *See,* ECF Nos. 231, 240, 242, 247, 249, 251, 252, 253, 264. In a follow-up ruling and order, the Court granted in part and denied in part Plaintiff's Motion for Court to Use Initial Discovery Disclosure to Compel the State of Connecticut to Provide Plaintiff with His Medical Records and Names of Witnesses. *See* ECF Nos. 253, 266. Plaintiff does not provide any reason--let alone one that meets this strict standard--that would warrant reconsideration of the decision.

**CONCLUSION**

As set forth above, Plaintiff's Motion for Reconsideration **ECF No. 267** is **DENIED** and Defendants' Motion for Reconsideration **ECF No. 270** is **DENIED**. Defendants' objections are overruled.

The deadlines set forth in the orders dated August 15, 2023, (ECF No. 242), and October 16, 2023, (ECF No. 266), are in effect unless modified by the Court. Defendants have not filed for a stay of the deadlines or filed a timely motion for extension of time in accordance with D. Conn. L. Civ. R. 7(b)(1)(3) ("All motions for extension of time shall be filed at least three (3) business days before the deadline sought to be extended. . . .").

This is not a recommended ruling. This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge